**CLOSING**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MADELINE COX ARLEO**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
**50 WALNUT ST. ROOM 4066**
**NEWARK, NJ 07101**
**973-297-4903**

February 25, 2021

VIA ECF
Counsel of Record

**LETTER ORDER**

Re:   **In the Park Savoy Caterers LLC, et al. v. Selective Insurance Group, Inc., et al.,**
**Civil Action No. 20-6869**

Dear Litigants:

This matter comes before the Court by way of Defendants Selective Insurance Group, Inc.'s and Selective Casualty Insurance Company's (collectively "Selective" or "Defendants") Motion to Dismiss Plaintiffs In the Park Savoy Caterers LLC's and In the Park Chateau Caterers' (collectively "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. Plaintiffs oppose the Motion. ECF No. 13. For the reasons explained below, Defendants' Motion is **GRANTED**.

I.   **BACKGROUND**[1]

This putative class action arises out of precautionary measures issued in states across the country in response to the COVID-19 pandemic which resulted in the closure of non-essential businesses. See generally Compl., ECF No. 1. Due to the manner in which COVID-19 spreads, states have issued executive orders curtailing business operations in order to slow the transmission of the virus ("Closure Orders"). See id. ¶¶ 25-34. These Closure Orders have forced restaurants and other foodservice businesses, as well as retail establishments and entertainment venues, to "close, furlough employees, and endure a sudden shutdown of cash flow that threatens their survival." Id. ¶ 4. Plaintiffs allege that they have "suffered a direct physical loss of and damage to their property because they have been unable to use their property for its intended purpose." Id. ¶ 45.

---

[1] The facts are drawn from the Complaint, ECF No. 1, as well as those documents that are "integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted).

Most businesses are insured against catastrophic events through all-risk commercial property insurance policies. Id. ¶ 8. Plaintiffs, catering halls and event spaces located in Florham Park and East Brunswick, New Jersey, have all-risk insurance policies (the "Policies") with Defendant Selective Casualty Insurance Company. Id. ¶¶ 18-19.[2] Within the Policies is a "Virus or Bacteria Exclusion," which carves out virus-related losses from coverage and states:

> [Defendants] do not pay for loss, cost, or expense caused by, resulting from, or relating to any virus, bacterium, or other microorganism that causes disease, illness, or physical distress or that is capable of causing disease, illness, or physical distress.
>
> This exclusion applies to, but is not limited to, any loss, cost, or expense as a result of:
>
> > a.   Any contamination by any virus, bacterium, or other microorganism; or
> >
> > b.   Any denial of access to property because of any virus, bacterium, or other microorganism.

Def. Mem. Ex. A at 97, Ex. B at 460 (the "Virus Exclusion Provision").[3]

On June 4, 2020, Plaintiffs filed the instant action on behalf of themselves and a proposed class of similarly situated entities, alleging that Defendants "wrongfully and illegally refused to provide coverage to which Plaintiffs and Class Members are entitled," Compl. ¶ 74, and that Defendants have "denied claims related to COVID-19 on a uniform and class-wide basis, without individual bases or investigation," id. ¶ 75. Plaintiffs seek a declaratory judgment declaring (1) any losses incurred by the Plaintiffs as a result of the Closure Orders are covered under three distinct provisions of the Policies; and (2) Defendants are obligated to pay Plaintiffs for the full amount of losses incurred as a result of the Closure Orders (Counts I, III, and V). Id. ¶¶ 71-77, 87-93, 102-08. Plaintiffs also allege a breach of contract, contending that Defendants have breached the same three provisions (Counts II, IV, and VI). Id. ¶¶ 78-86, 94-101, 109-16.

On July 20, 2020, Defendants filed the instant motion to dismiss for failure to state a claim, ECF No. 8, which Plaintiffs oppose, ECF No. 13. The Parties have also filed a series of letter notices of supplemental authority. ECF Nos. 10, 14, 16-32.

## II.   LEGAL STANDARD

In resolving a Rule 12(b)(6) motion to dismiss, the Court accepts all pleaded facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny,

---

[2] Although Plaintiffs have separate insurance policies with Defendants, Plaintiffs' Policies are allegedly identical in all ways material to this instant matter. See Def. Mem. at Exs. A & B, ECF Nos. 8.2, 8.3.

[3] Page numbers correspond to the "SEL" page numbers in the exhibits attached to Defendants' Motion.

515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted).  To survive a motion to dismiss, the claims must be facially plausible, meaning that the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III.   DISCUSSION

Defendants argue that Plaintiffs' claims are barred from coverage by the Virus Exclusion Provision.  The Court agrees.

Under New Jersey law,[4] the "interpretation of an insurance contract is a question of law." State Nat'l Ins. Co. v. City of Camden, 10 F. Supp. 3d 568, 574 (D.N.J. 2014).  When interpreting an insurance policy,

> [i]f the policy terms are clear, courts should interpret the policy as written and avoid writing a better insurance policy than the one purchased.  However, if the policy language is ambiguous, we construe the language to comport with the reasonable expectations of the insured.  That is, if the policy language fairly supports two meanings, one that favors the insurer, and the other that favors the insured, the policy should be construed to sustain coverage. Insurance policy exclusions must be narrowly construed; the burden is on the insurer to bring the case within the exclusion.  On the other hand, clauses that extend coverage are to be viewed broadly and liberally.

Villa v. Short, 195 N.J. 15, 23-24 (2008) (internal quotation marks and citations omitted).  The Court concludes that the Policies' Virus Exclusion Provision unambiguously bars coverage due any loss resulting from the Closure Orders.

The Virus Exclusion Provision bars coverage not only for loss "caused by" a virus, but also loss "resulting from" or "relating to" a virus. Def. Mem. Ex. A at 97, Ex. B at 460 (emphasis added).  Repeatedly throughout the Complaint, Plaintiffs admit that the Closure Orders resulted from, or at the very least are related to, risk associated with the COVID-19 pandemic.  See, e.g., Compl. ¶ 3 ("As a result [of the need to protect the health and safety of residents from the spread of COVID-19], many governmental entities entered civil authority orders suspending or curtailing business operations. . . ."); id. ¶ 9 ("Defendants . . . are denying the obligation to pay business income losses and other covered expenses incurred by policyholders for physical loss and damage to the insured property from measures put in place by the civil authorities to stop the spread of COVID-19 among the population."); id. ¶ 93 ("Plaintiffs'. . . losses incurred in connection with the Closure Orders and the necessary interruptions of their businesses stemming from the

---

[4] The Parties do not dispute that New Jersey law governs the Policies' construction.  See Gilbert Spruance Co. v. Pa. Mfrs.' Ass'n, 134 N.J. 96, 109 (1993).

COVID-19 pandemic are insured losses under their Policies."). There is thus no doubt that any losses Plaintiffs allege are "related to" COVID-19 and thus barred by the Virus Exclusion Provision.

Recently, this Court and New Jersey courts have consistently interpreted similar insurance policy provisions under New Jersey law to bar coverage. See, e.g., 7th Inning Stretch LLC v. Arch Ins. Co., No. 20-8161, 2021 U.S. Dist. LEXIS 11326, at *4 (D.N.J. Jan. 19, 2021) ("Because the Stay-at-Home Orders were issued to mitigate the spread of the highly contagious novel coronavirus, Plaintiffs' losses are tied inextricably to that virus and are not covered by the policies."); Mac Prop. Grp., LLC v. Selective Fire & Cas. Ins. Co., No. L-2629-20, 2020 WL 7422374, at *9 (N.J. Super. Nov. 5, 2020) ("The allegations of the Complaint itself essentially are that a virus, specifically COVID-19, was the cause of the governmental action. Since the virus is alleged to be the cause of the governmental action, and the governmental action is asserted to be the cause of the loss, plaintiff cannot avoid the clear and unmistakable conclusion that the coronavirus was the cause of the alleged damage or loss."); N&S Rest. LLC v. Cumberland Mut. Fire Ins. Co., No. 20-5289, 2020 WL 6501722, at *3 (D.N.J. Nov. 5, 2020) ("There is no doubt that COVID-19, a virus, caused Governor Murphy to issue the Executive Order mandating closure of the restaurant."); Eye Care Ctr. of N.J., PA v. Twin City Fire Ins. Co., No. 20-5743, 2021 WL 457890, at *2 (D.N.J. Feb. 8, 2021) ("But for the 'spread' of COVID-19, governments would not have issued closure orders, and Eye Care would not have stopped performing non-emergency procedures."). No New Jersey court or district court in the District of New Jersey has ruled to the contrary.[5]

Plaintiffs claim that under the Appleman Rule, the Virus Exclusion Provision does not apply because "the efficient proximate cause of Plaintiffs' . . . losses, were precautionary measures taken by their respective States and/or counties to prevent the spread of COVID-19 in the future, not because coronavirus was found in or on Plaintiffs' insured property." Compl. ¶ 46; see also Pl. Mem. at 4-5, ECF No. 13 (citing Auto Lenders Acceptance Corp. v. Genteli Ford, Inc., 181 N.J. 245, 256-57 (2004), which relies upon 5 Appleman, Insurance Law & Practice § 3083). Pursuant to the Appleman Rule, "if an exclusion 'bars coverage for losses caused by a particular

---

[5] Similarly, the Parties have submitted a plethora of cases from other courts addressing similar virus exclusion provisions, the vast majority of which have concluded that these provisions bar coverage for alleged loss due to closure orders. See, e.g., Chattanooga Prof. Baseball LLC v. Nat'l Cas. Co., No. 20-1312, 2020 WL 6699480, at *3 (D. Ariz. Nov. 13, 2020); Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., No. 20-4434, 2020 WL 5642483, at *2 (N.D. Cal. Sept. 22, 2020); Kessler Dental Assocs., P.C. v. Dentists Ins. Co., No. 20-3376, 2020 WL 7181057, at *3 (E.D. Pa. Dec. 7, 2020); Hajer v. Ohio Sec. Ins. Co., No. 20-283, 2020 WL 7211636, at *4 (E.D. Tex. Dec. 7, 2020); Natty Greene's Brewing Co., LLC v. Travelers Cas. Ins. Co. of Am., No. 20-437, 2020 WL 7024882, at *3-4 (M.D.N.C. Nov. 30, 2020); AFM Mattress Co., LLC v. Motorist Com. Mut. Ins. Co., No. 20-3556, 2020 WL 6940984, at *4 (N.D. Ill. Nov. 25, 2020); Park Two LLC v. Owners Ins. Co., No. 20-1047, 2021 WL 135319, at *4 (N.D. Ala. Jan. 14, 2021); Turek Enters., Inc. v. State Farm Mut. Auto. Ins., No. 20-11655, 2020 WL 5258484, at *8-9 (E.D. Mich. Sept 3, 2020); 10E, LLC v. Travelers Indem. Co. of Conn., 20-4418, 2020 WL 5095587, at *5-6 (C.D. Cal. Aug. 28, 2020); Diesel Barbershop v. State Farm Lloyds, 479 F. Supp. 3d 353, 360-62 (W.D. Tex. 2020). By contrast, only three outlier courts which have analyzed virus exclusion provisions have found coverage. Urogynecology Specialist of Fla., Inc. v. Sentinel Ins. Co., Ltd., No. 20-1174, 2020 WL 5939172, at *3-4 (M.D. Fla. Sept. 24, 2020); Henderson Rd. Rest. Sys., inc. v. Zurich Am. Ins. Co., No. 20-1239, 2021 WL 168422, at *14-15 (N.D. Ohio Jan. 19, 2021); McKinley Dev. Leasing Co., Ltd. v. Westfield Ins. Co., No. 2020 CV 00815, 2021 WL 506266, at * (Ohio Ct. Common Pleas Feb. 9, 2021).

peril, the exclusion applies <u>only if</u> the excluded peril was the efficient proximate cause of the loss.'"  <u>N.J. Transit Corp. v. Certain Underwriters at Lloyd's London</u>, 461 N.J. Super. 440, 460 (App. Div. 2019) (quoting <u>Zurich Am. Ins. v. Keating Bldg. Corp.</u>, 513 F. Supp. 2d 55, 70 (D.N.J. 2007)).

As an initial matter, the application of the Appleman Rule is of no matter here because the Virus Exclusion Provision bars loss not only "caused by" or "resulting from" a virus, but also loss "relating to" a virus.  <u>See</u> Def. Mem. Ex. A at 97, Ex. B at 460; <u>see also</u> <u>Gladstone v. Westport Ins. Corp.</u>, No. 10-652, 2011 WL 5825985, at *9 (D.N.J. Nov. 16, 2011) (explaining that the word "[r]elated is commonly understood to be a broad term").  Regardless, as Chief Judge Wolfson concluded in <u>Causeway Automotive, LLC v. Zurich American Insurance Co.</u> when faced with the identical argument:

> Plaintiffs' argument, however, erroneously focuses on the sequence of events that lead to the issuance of the Executive Orders, as opposed to what, in fact, was the predominant cause of their losses. The Executive Orders were issued for the sole reason of reducing the spread of the virus that causes COVID-19 and would not have been issued but for the presence of the virus in the State of New Jersey. . . .  In that regard, the 'but-for' cause of Plaintiffs' losses was COVID-19—the Executive Orders and the virus are so inextricably connected that it is undeniable that the Orders were issued because of the virus.

No. 20-8389, 2021 WL 486917, at *6 (D.N.J. Feb. 10, 2021).  The Court went on to cite to cases, both in New Jersey and across the country, where courts had concluded that COVID-19 was the predominate cause of plaintiffs' losses.  <u>See</u> <u>id.</u>  For this reason, as well as those stated above, the Court concludes that the Virus Exclusion Provision unambiguously bars recovery for Plaintiffs' losses.[6]

## IV.    CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for failure to state a claim, ECF No. 8, is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[6] Because the Court concludes that the Virus Exclusion Provision unambiguously bars recovery for Plaintiffs' losses, it declines to address Defendants' alternative arguments in support of dismissal.